UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUMARO BAEZ,
    Plaintiff,

v.

WILLIAM MUNIZ,
    Defendant.

Case No.15-cv-01722-NC

**ORDER TO SHOW CAUSE**

Petitioner Gumaro Baez, a state prisoner incarcerated at Salinas Valley State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I. BACKGROUND**

Petitioner was convicted by a jury of two counts of murder, 2 counts of attempted murder, and one count of attempting to dissuade a witness in the Alameda Superior Court of the State of California. On February 27, 2012, he was sentenced to 2 consecutive life terms in prison without parole in state prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on February 26, 2014, denied review of a petition allegedly raising the same claims raised here.

///

## II. DISCUSSION

### A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by raising the following claims (1) the state court improperly applied federal constitutional law, and (2) the attempting to dissuade a witness charge was not supported by sufficient evidence. Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

## III. CONCLUSION

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent. The clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer showing why a writ of habeas corpus should not be issued (or -an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued). Respondent shall file with the answer and serve on petitioner a copy of all portions of the

administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent shall file a consent or declination to magistrate judge jurisdiction within 14 days.

**IT IS SO ORDERED.**

Dated:  October 28, 2015

_____

NATHANAEL M. COUSINS
United States Magistrate Judge